## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

**Civil Action No.** 1:20-cv-20813-RNS

| | |
|---|---|
| SISVEL INTERNATIONAL S.A., <br> 3G LICENSING S.A., <br><br>                  Plaintiffs, <br><br> v. <br><br> BLU PRODUCTS, INC., <br><br>                  Defendant. | **JURY TRIAL DEMANDED** |

### AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Sisvel International S.A. and 3G Licensing S.A. (collectively, "Plaintiffs"), for their Amended Complaint against Defendant BLU Products, Inc. ("BLU" or "Defendant"), alleges the following:

### NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

### THE PARTIES

2.      Sisvel International S.A. ("Sisvel") is an entity organized under the laws of Luxembourg with a place of business at 6, Avenue Marie Thérèse, 2132 Luxembourg, Grand Duchy of Luxembourg.

3.      3G Licensing S.A. ("3G Licensing") is also an entity organized under the laws of Luxembourg with a place of business at 6, Avenue Marie Thérèse, 2132 Luxembourg, Grand Duchy of Luxembourg.

4.      Founded in Italy in 1982, Sisvel is a world leader in fostering innovation and managing intellectual property.  Sisvel works with its partners offering a comprehensive approach to patent licensing: from issuing initial calls for essential patents; facilitating discussions among stakeholders; developing multiparty license agreements; executing and administering licenses; to collecting and distributing royalties.  At the same time, Sisvel actively promotes a culture of respect and understanding of the intellectual property and innovation ecosystem through, for example, its regular presence at the key consumer electronics trade fairs and intellectual property events, participation in policy discussions and conferences, as well as open dialogues with a number of government bodies, standard-setting organizations and industry associations.

5.      In early 2016, Sisvel initiated licensing activities in North America via its U.S. subsidiary, Sisvel US Inc.

6.      A subsidiary of the Sisvel Group founded in 2015, 3G Licensing, is an intellectual property company operating in the consumer electronics and telecommunications industry. The company is composed of specialists with an extensive experience in administering licensing programs on behalf on behalf of third-party companies and organizations.

7.      Upon information and belief, Defendant is a corporation organized and existing under the laws of Florida, with its principal place of business at 10814 NW 33rd St., Building 100, Doral, Florida 33172.

8.      Defendant maintains a registered agent for service of process in Florida, Bernard L. Egozi, at 2999 NE 191st Street, Number 407, Aventura, Florida 33180.  Upon information and belief, Defendant sells and offers to sell products and services throughout the United States, including in this judicial district, and introduces products and services that enter into the stream of

commerce and that incorporate infringing technology knowing that they would be sold in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

9.     This Court has jurisdiction over the subject matter jurisdiction of this case under 28 U.S.C. §§ 1331 (federal question) and 1338(a) (patent law – 35 U.S.C. § 101, *et seq.*).

10.     This Court has personal jurisdiction over Defendant, because Defendant has sufficient minimum contacts within the State of Florida and this District, pursuant to due process, as Defendant has purposefully availed itself of the privileges of conducting business in the State of Florida by regularly conducting and soliciting business within the State of Florida and within this District, and because Plaintiffs' causes of action arise directly from Defendant's business contacts and other activities in the State of Florida and this District.  Further, this Court has personal jurisdiction over Defendant because it is incorporated in the State of Florida and has purposely availed itself of the privileges and benefits of the laws of the State of Florida.

11.     Venue is proper in this judicial district under 28 U.S.C. § 1400(b) as Defendant is incorporated in the State of Florida and has a regular and established place of business in this District at 10814 NW 33rd St., Building 100, Doral, Florida 33172.

## ACCUSED INSTRUMENTALITIES

12.     Defendant makes, uses, sells and offers for sale, provides, and causes to be used, now and within the past six years, the Vivo Series, Grand Series, Studio Series, and Zoey Series of cellular devices ("Accused Instrumentalities"), among other such devices.

13.     Defendant advertises that the Vivo Series of products are compliant with the 2G, 3G and 4G/LTE cellular network standards (*See* product information for the Vivo Series of products, attached hereto as Exhibit 1.

14.     Defendant advertises that the Grand Series of products are compliant with the 2G, 3G and 4G/LTE cellular network standards (*See* product information for the Grand Series of products, attached hereto as Exhibit 2.

15.     Defendant advertises that the Studio Series of products are compliant with the 2G and 3G cellular network standards (*See* product information for the Studio Series of products, attached hereto as Exhibit 3.

16.     Defendant advertises that the Zoey Series of products are compliant with the 2G and 3G cellular network standards (*See* product information for the Zoey Series of products, attached hereto as Exhibit 4.

## BACKGROUND

17.     Plaintiffs are the owners by assignment of a portfolio of patents, including the twelve patents described in detail in the counts below (collectively, the "Asserted Patents"), that relate to technology for cellular communications networks, including variations or generations of cellular communication network technology such as, but not limited to 2G, 3G, and 4G/LTE.

18.     Cellular communication network technology is used to provide data transmission across mobile cellular networks.

19.     U.S. Patent Nos. 6,529,561 ("the '561 patent"), 7,433,698 ("the '698 patent"), 8,364,196 ("the '196 patent"), 7,751,803 ("the '803 patent"), and 7,894,443 ("the '443 patent") were assigned to Nokia Corporation either directly from the inventors or through mergers.  In 2011 the '561, '698, '196, '803, and the '443 patents were assigned to a trust by Nokia Corporation.  On April 10, 2012, Sisvel obtained ownership of the '561, '698, '196, '803, and the '443 patents.

20.     U.S. Patent Nos. 7,274,933 ("the '933 patent"), 7,460,868 ("the '868 patent"), 7,596,375 ("the '375 patent"), 8,273,374 ("the '374 patent"), 8,472,955 ("the '955 patent"), 8,948,756 ("the '756 patent"), and 8,897,503 ("the '503 patent") were assigned to Research in

Motion Ltd. from the inventors. Research in Motion Ltd. changed its name to Blackberry, Ltd. in 2013. On November 16, 2018, the '933, '868, '375, '374, '955, '756, and '503 patents were assigned to Provenance Asset Group LLC from Blackberry, Ltd. On April 5, 2019, Sisvel obtained ownership of the '933, '868, '375, '374, '955, '756, and '503 patents from Provenance Asset Group LLC. On July 11, 2019, Sisvel assigned the '933, '868, '375, '374, '955, '756, and '503 patents to 3G Licensing.

21.     Sisvel and 3G Licensing are the rightful owners of the Asserted Patents and hold the entire right, title and interest in the Asserted Patents.

22.     Sisvel first sent a letter to BLU on July 11, 2014, offering for BLU to license Sisvel's patents essential to cellular standards including 2G and 4G/LTE. The correspondence identified BLU products such as Vivo and Studio products that were covered by claims of Sisvel's patents. The July 11, 2014 correspondence attached a list of patents covering BLU's products including the '561 patent and the '803 patent.

23.     During 2015 Sisvel sent additional correspondence to BLU regarding licensing of Sisvel's patents. On March 9, 2016 Sisvel sent correspondence to BLU again offering for BLU to license Sisvel's patents essential to cellular standards including 2G and 4G/LTE. The March 9, 2016 letter specifically identified the '803 patent and the '196 patent as patents for which BLU's products required a license. Sisvel sent followup letters to BLU on June 1, 2016 and December 6, 2016.

24.     On March 22, 2018 Sisvel sent additional correspondence to BLU regarding licensing of Sisvel's patents and referencing prior communications. The March 22, 2018 letter included links to Sisvel's website, which specifically identified the '698 patent, the '196 patent, the '803 patent, and the '443 patent. Following the March 22, 2018 letter, Sisvel and BLU engaged

in an extensive correspondence through additional letters and email.  Despite Sisvel's continuous efforts over more than four years, BLU refused to take a license to Sisvel's patents.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,529,561

25.     The allegations set forth in the foregoing paragraphs 1 through 24 are incorporated into this First Claim for Relief.

26.     On March 4, 2003, the '561 patent, entitled "Data Transmission In Radio System" was duly and legally issued by the United States Patent and Trademark Office from a patent application filed on May 10, 2001, which claims priority to a PCT application filed on September 7, 2000, and further claims priority to a foreign patent application filed on September 10, 1999. A true and correct copy of the '561 patent is attached as Exhibit 5.

27.     Plaintiff Sisvel is the assignee and owner of the right, title and interest in and to the '561 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

28.     The '561 patent discloses a system and method that Plaintiffs believe is essential under the 2G cellular standard as explained in attached Exhibit 6.  The 2G cellular standard is incorporated in the 3G and 4G LTE standards.  Thus, Defendant's Accused Instrumentalities that are compliant with the 2G, 3G and 4G LTE standards are necessarily infringing the '561 patent.

29.     Defendant was made aware of the '561 patent and its infringement thereof by correspondence from Plaintiffs on July 11, 2014 as discussed in paragraph 22 above.

30.     Defendant was made further aware of the '561 patent and its infringement thereof at least as early as the date of filing of this Complaint.

31.     Upon information and belief, Defendant has and continues to directly infringe at least claim 10 of the '561 patent by making, using, selling, importing, offering for sale, providing, practicing, and causing the Accused Instrumentality that infringe the patented methods.

32.     Since July 11, 2014, when Defendants was first made aware of the '561 patent, Defendant's infringement has been, and continues to be willful.

33.     Upon information and belief, these Accused Instrumentality are used, marketed, provided to, and/or used by or for the Defendant's partners, clients, customers/subscribers and end users across the country and in this District.

34.     Upon information and belief, Defendant has induced and continues to induce others to infringe at least claim 10 of the '561 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to Defendant's partners, clients, customers/subscribers, and end users, whose use of the Accused Instrumentality constitutes direct infringement of at least one claim of the '561 patent.

35.     In particular, the Defendant's actions that aid and abet others such as its partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the Accused Instrumentality and providing instruction materials, training, and services regarding the Accused Instrumentality.

36. Any party, including Defendant's partners, clients, customers/subscribers, and end users, using the Accused Instrumentalities necessarily infringes the '561 patent because the invention of the '561 patent is required to comply with the relevant cellular standard.  Defendant advertises the Accused Instrumentalities as compliant with the relevant cellular standard, which induces others to infringe the '561 patent.  Defendant has knowingly induced infringement since

at least July 11, 2014 when Defendant was first made aware of the '561 patent during extensive correspondence with Plaintiffs as discussed in paragraphs 22-24 above.

37.     Upon information and belief, the Defendant is liable as a contributory infringer of the '561 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States the Accused Instrumentality that infringe the patented methods, to be especially made or adapted for use in an infringement of the '561 patent.  Each of the Accused Instrumentality is a material component for use in practicing the '561 patent and is specifically made and are not a staple article of commerce suitable for substantial non-infringing use.  In particular, each Accused Instrumentality is advertised to be compliant with the relevant standard and primarily used in compliance with that standard.

38.     Plaintiffs have been harmed by Defendant's infringing activities.

### COUNT II – INFRINGEMENT OF U.S. PATENT NO. 7,433,698

39.     The allegations set forth in the foregoing paragraphs 1 through 24 are incorporated into this Second Claim for Relief.

40.     On October 7, 2008, the '698 patent, entitled "Cell Reselection Signaling Method" was duly and legally issued by the United States Patent and Trademark Office from Patent Application No. 10/181,078, which is the U.S. National Stage Application of PCT application No. PCT/FI01/00038, filed on January 17, 2001, which claims priority to a foreign patent application filed on January 17, 2000.  A true and correct copy of the '698 patent is attached as Exhibit 7.

41.     Plaintiff Sisvel is the assignee and owner of the right, title and interest in and to the '698 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

42.     The '698 patent discloses a system and method that Plaintiffs believe is essential under the 3G cellular standard as explained in attached Exhibit 8.  The 3G cellular standard is

incorporated in the 4G LTE standard.  Thus, Defendant's Accused Instrumentalities that are compliant with the 3G and 4G LTE standards are necessarily infringing the '698 patent.

43.     Defendant was made aware of the '698 patent and its infringement thereof by correspondence from Plaintiffs on March 22, 2018 as discussed in paragraph 24 above.

44.     Defendant was made further aware of the '698 patent and its infringement thereof at least as early as the date of filing of this Complaint.

45.     Upon information and belief, Defendant has and continues to directly infringe at least claims 10 and/or 11 of the '698 patent by making, using, selling, importing, offering for sale, providing, practicing, and causing the Accused Instrumentality that infringe the patented methods.

46.     Since March 22, 2018, when it was first made aware of the '698 patent, Defendant's infringement has been, and continues to be willful.

47.     Upon information and belief, these Accused Instrumentality are used, marketed, provided to, and/or used by or for the Defendant's partners, clients, customers/subscribers and end users across the country and in this District.

48.     Upon information and belief, Defendant has induced and continues to induce others to infringe at least claims 10 and/or 11 of the '698 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to Defendant's partners, clients, customers/subscribers, and end users, whose use of the Accused Instrumentality constitutes direct infringement of at least one claim of the '698 patent.

49.     In particular, the Defendant's actions that aid and abet others such as its partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the

Accused Instrumentality and providing instruction materials, training, and services regarding the Accused Instrumentality.

50. Any party, including Defendant's partners, clients, customers/subscribers, and end users, using the Accused Instrumentalities necessarily infringes the '698 patent because the invention of the '698 patent is required to comply with the relevant cellular standard. Defendant advertises the Accused Instrumentalities as compliant with the relevant cellular standard, which induces others to infringe the '698 patent. Defendant has knowingly induced infringement since at least March 22, 2018 when Defendant was first made aware of the '698 patent during extensive correspondence with Plaintiffs as discussed in paragraphs 22-24 above.

51. Upon information and belief, the Defendant is liable as a contributory infringer of the '698 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States the Accused Instrumentality that infringe the patented methods, to be especially made or adapted for use in an infringement of the '698 patent. Each of the Accused Instrumentality is a material component for use in practicing the '698 patent and is specifically made and are not a staple article of commerce suitable for substantial non-infringing use. In particular, each Accused Instrumentality is advertised to be compliant with the relevant standard and primarily used in compliance with that standard.

52. Plaintiffs have been harmed by Defendant's infringing activities.

## <u>COUNT III – INFRINGEMENT OF U.S. PATENT NO. 8,364,196</u>

53. The allegations set forth in the foregoing paragraphs 1 through 24 are incorporated into this Third Claim for Relief.

54. On January 29, 2013, the '196 patent, entitled "Cell Reselection Signaling Method" was duly and legally issued by the United States Patent and Trademark Office from a patent

application filed on August 19, 2008 and claims priority a foreign patent application filed on January 17, 2000. A true and correct copy of the '196 patent is attached as Exhibit 9.

55.     Plaintiff Sisvel is the assignee and owner of the right, title and interest in and to the '196 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

56.     The '196 patent discloses a system and method that Plaintiffs believe is essential under the 3G cellular standard as explained in attached Exhibit 10. The 3G cellular standard is incorporated in the 4G LTE standard. Thus, Defendant's Accused Instrumentalities that are compliant with the 3G and 4G LTE standards are necessarily infringing the '196 patent.

57.     Defendant was made aware of the '196 patent and its infringement thereof by correspondence from Plaintiffs on March 9, 2016, as discussed in paragraph 23 above.

58.     Defendant was made further aware of the '196 patent and its infringement thereof at least as early as the date of filing of this Complaint.

59.     Upon information and belief, Defendant has and continues to directly infringe at least claims 1, 2, 14, 17 and/or 18 of the '196 patent by making, using, selling, importing, offering for sale, providing, practicing, and causing the Accused Instrumentality that infringe the patented methods.

60.     Since March 9, 2016, when it was first made aware of the '196 patent, Defendant's infringement has been, and continues to be willful.

61.     Upon information and belief, these Accused Instrumentality are used, marketed, provided to, and/or used by or for the Defendant's partners, clients, customers/subscribers and end users across the country and in this District.

62.    Upon information and belief, Defendant has induced and continues to induce others to infringe at least claims 1, 2, 14, 17 and/or 18 of the '196 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to Defendant's partners, clients, customers/subscribers, and end users, whose use of the Accused Instrumentality constitutes direct infringement of at least one claim of the '196 patent.

63.    In particular, the Defendant's actions that aid and abet others such as its partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the Accused Instrumentality and providing instruction materials, training, and services regarding the Accused Instrumentality.

64. Any party, including Defendant's partners, clients, customers/subscribers, and end users, using the Accused Instrumentalities necessarily infringes the '196 patent because the invention of the '196 patent is required to comply with the relevant cellular standard.  Defendant advertises the Accused Instrumentalities as compliant with the relevant cellular standard, which induces others to infringe the '196 patent.  Defendant has knowingly induced infringement since at least March 9, 2016 when Defendant was first made aware of the '196 patent during extensive correspondence with Plaintiffs as discussed in paragraphs 22-24 above.

65.    Upon information and belief, the Defendant is liable as a contributory infringer of the '196 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States the Accused Instrumentality that infringe the patented methods, to be especially made or adapted for use in an infringement of the '196 patent.  Each of the Accused Instrumentality is a material component for use in practicing the '196 patent and is specifically made and are not a staple article of commerce suitable for substantial non-infringing use.  In particular, each Accused

Instrumentality is advertised to be compliant with the relevant standard and primarily used in compliance with that standard.

66.     Plaintiffs have been harmed by Defendant's infringing activities.

## COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 7,751,803

67.     The allegations set forth in the foregoing paragraphs 1 through 24 are incorporated into this Fourth Claim for Relief.

68.     On July 6, 2010, the '803 patent, entitled "Method and Arrangement For Optimizing the Re-Establishment of Connections In a Cellular Radio System Supporting Real Time and Non-Real Time Communications" was duly and legally issued by the United States Patent and Trademark Office from a patent application filed on February 22, 2001 and claims priority to foreign patent applications filed on February 24, 2000 and March 24, 2000.  A true and correct copy of the '803 patent is attached as Exhibit 11.

69.     Plaintiff Sisvel is the assignee and owner of the right, title and interest in and to the '803 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

70.     The '803 patent discloses a system and method that Plaintiffs believe is essential under the 3G cellular standard as explained in attached Exhibit 12.  The 3G cellular standard is incorporated in the 4G LTE standard.   Thus, Defendant's Accused Instrumentalities that are compliant with the 3G and 4G LTE standards are necessarily infringing the '803 patent.

71.     Defendant was made aware of the '803 patent and its infringement thereof by correspondence from Plaintiffs on July 11, 2014 as discussed in paragraph 22 above.

72.     Defendant was made further aware of the '803 patent and its infringement thereof at least as early as the date of filing of this Complaint.

73.     Upon information and belief, Defendant has and continues to directly infringe at least claim 17 of the '803 patent by making, using, selling, importing, offering for sale, providing, practicing, and causing the Accused Instrumentality that infringe the patented methods.

74.     Since July 11, 2014, when it was first made aware of the '803 patent, Defendant's infringement has been, and continues to be willful.

75.     Upon information and belief, these Accused Instrumentality are used, marketed, provided to, and/or used by or for the Defendant's partners, clients, customers/subscribers and end users across the country and in this District.

76.     Upon information and belief, Defendant has induced and continue to induce others to infringe at least claim 17 of the '803 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to Defendant's partners, clients, customers/subscribers, and end users, whose use of the Accused Instrumentality constitutes direct infringement of at least one claim of the '803 patent.

77.     In particular, the Defendant's actions that aid and abet others such as its partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the Accused Instrumentality and providing instruction materials, training, and services regarding the Accused Instrumentality.

78. Any party, including Defendant's partners, clients, customers/subscribers, and end users, using the Accused Instrumentalities necessarily infringes the '803 patent because the invention of the '803 patent is required to comply with the relevant cellular standard.  Defendant advertises the Accused Instrumentalities as compliant with the relevant cellular standard, which induces others to infringe the '803 patent.  Defendant has knowingly induced infringement since

at least July 11, 2014 when Defendant was first made aware of the '803 patent during extensive correspondence with Plaintiffs as discussed in paragraphs 22-24 above.

79.     Upon information and belief, the Defendant is liable as a contributory infringer of the '803 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States the Accused Instrumentality that infringe the patented methods, to be especially made or adapted for use in an infringement of the '803 patent.  Each of the Accused Instrumentality is a material component for use in practicing the '803 patent and is specifically made and are not a staple article of commerce suitable for substantial non-infringing use.  In particular, each Accused Instrumentality is advertised to be compliant with the relevant standard and primarily used in compliance with that standard.

80.     Plaintiffs have been harmed by Defendant's infringing activities.

## COUNT V – INFRINGEMENT OF U.S. PATENT NO. 7,894,443

81.     The allegations set forth in the foregoing paragraphs 1 through 24 are incorporated into this Fifth Claim for Relief.

82.     On February 22, 2011, the '443 patent, entitled "Radio Link Control Unacknowledged Mode Header Optimization" was duly and legally issued by the United States Patent and Trademark Office from a patent application filed on August 23, 2006, and claims priority to provisional patent application No. 60/710,193 filed on August 23, 2005.  A true and correct copy of the '443 patent is attached as Exhibit 13.

83.     Plaintiff Sisvel is the assignee and owner of the right, title and interest in and to the '443 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

84.     The '443 patent discloses a system and method that Plaintiffs believe is essential under the 3G cellular standard as explained in attached Exhibit 14.  The 3G cellular standard is

incorporated in the 4G LTE standard.  Thus, Defendant's Accused Instrumentalities that are compliant with the 3G and 4G LTE standards are necessarily infringing the '443 patent.

85.     Defendant was made aware of the '443 patent and its infringement thereof by correspondence from Plaintiffs on March 22, 2018, as discussed in paragraph 24.

86.     Defendant was made further aware of the '443 patent and its infringement thereof at least as early as the date of filing of this Complaint.

87.     Upon information and belief, Defendant has and continues to directly infringe at least claim 16 of the '443 patent by making, using, selling, importing, offering for sale, providing, practicing, and causing the Accused Instrumentality that infringe the patented methods.

88.     Since March 22, 2018, when it was first made aware of the '443 patent, Defendant's infringement has been, and continues to be willful.

89.     Upon information and belief, these Accused Instrumentality are used, marketed, provided to, and/or used by or for the Defendant's partners, clients, customers/subscribers and end users across the country and in this District.

90.     Upon information and belief, Defendant has induced and continues to induce others to infringe at least claim 16 of the '443 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to Defendant's partners, clients, customers/subscribers, and end users, whose use of the Accused Instrumentality constitutes direct infringement of at least one claim of the '443 patent.

91.     In particular, the Defendant's actions that aid and abet others such as its partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the

Accused Instrumentality and providing instruction materials, training, and services regarding the Accused Instrumentality.

92. Any party, including Defendant's partners, clients, customers/subscribers, and end users, using the Accused Instrumentalities necessarily infringes the '443 patent because the invention of the '443 patent is required to comply with the relevant cellular standard. Defendant advertises the Accused Instrumentalities as compliant with the relevant cellular standard, which induces others to infringe the '443 patent. Defendant has knowingly induced infringement since at least March 22, 2018 when Defendant was first made aware of the '443 patent during extensive correspondence with Plaintiffs as discussed in paragraphs 22-24 above.

93. Upon information and belief, the Defendant is liable as a contributory infringer of the '443 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States the Accused Instrumentality that infringe the patented methods, to be especially made or adapted for use in an infringement of the '443 patent. Each of the Accused Instrumentality is a material component for use in practicing the '443 patent and is specifically made and are not a staple article of commerce suitable for substantial non-infringing use. In particular, each Accused Instrumentality is advertised to be compliant with the relevant standard and primarily used in compliance with that standard.

94. Plaintiffs have been harmed by Defendant's infringing activities.

### <u>COUNT VI – INFRINGEMENT OF U.S. PATENT NO. 7,274,933</u>

95. The allegations set forth in the foregoing paragraphs 1 through 24 are incorporated into this Sixth Claim for Relief.

96. On September 25, 2007, the '933 patent, entitled "Home Network Name Displaying Methods and Apparatus For Multiple Home Networks" was duly and legally issued by the United States Patent and Trademark Office from a patent application filed on September 2, 2004, and

claims priority to a foreign patent application filed on September 3, 2004.  A true and correct copy of the '933 patent is attached as Exhibit 15.

97.     Plaintiff 3G Licensing is the assignee and owner of the right, title and interest in and to the '933 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

98.     The '933 patent discloses a system and method that Plaintiffs believe is essential under the 4G LTE cellular standard as explained in attached Exhibit 16.   Thus, Defendant's Accused Instrumentalities that are compliant with the 4G LTE standard are necessarily infringing the '933 patent.

99.     Defendant was made aware of the '933 patent and its infringement thereof at least as early as the date of filing of this Complaint.

100.    Upon information and belief, Defendant has and continues to directly infringe at least claims 1, 6, and/or 19 of the '933 patent by making, using, selling, importing, offering for sale, providing, practicing, and causing the Accused Instrumentality that infringe the patented methods.

101.    Specifically, the Accused Instrumentalities display a network name as shown in attached Exhibit 17.

102.    Upon information and belief, these Accused Instrumentality are used, marketed, provided to, and/or used by or for the Defendant's partners, clients, customers/subscribers and end users across the country and in this District.

103.    Upon information and belief, Defendant has induced and continues to induce others to infringe at least claims 1, 6, and/or 19 of the '933 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to

infringe, including, but not limited to Defendant's partners, clients, customers/subscribers, and end users, whose use of the Accused Instrumentality constitutes direct infringement of at least one claim of the '933 patent.

104.    In particular, the Defendant's actions that aid and abet others such as its partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the Accused Instrumentality and providing instruction materials, training, and services regarding the Accused Instrumentality.

105.    Any party, including Defendant's partners, clients, customers/subscribers, and end users, using the Accused Instrumentalities necessarily infringes the '933 patent because the invention of the '933 patent is required to comply with the relevant cellular standard.  Defendant advertises its Accused Instrumentalities as compliant with the relevant the cellular standard, which induces others to infringe the '933 patent.  Defendant has knowingly induced infringement since at least the filing of this complaint, when Defendant was first made aware of the '933 patent.

106.    Upon information and belief, the Defendant is liable as a contributory infringer of the '933 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States the Accused Instrumentality that infringe the patented methods, to be especially made or adapted for use in an infringement of the '933 patent.  Each of the Accused Instrumentality is a material component for use in practicing the '933 patent and is specifically made and are not a staple article of commerce suitable for substantial non-infringing use.  In particular, each Accused Instrumentality is advertised to be compliant with the relevant standard and primarily used in compliance with that standard.

107.    Plaintiffs have been harmed by Defendant's infringing activities.

## COUNT VII – INFRINGEMENT OF U.S. PATENT NO. 7,460,868

108.    The allegations set forth in the foregoing paragraphs 1 through 24 are incorporated into this Seventh Claim for Relief.

109.    On December 2, 2008, the '868 patent, entitled "Home Network Name Displaying Methods and Apparatus For Multiple Home Networks" was duly and legally issued by the United States Patent and Trademark Office from a patent application filed on August 3, 2007, and claims priority to a foreign patent application filed on September 3, 2003.  A true and correct copy of the '868 patent is attached as Exhibit 18.

110.    Plaintiff 3G Licensing is the assignee and owner of the right, title and interest in and to the '868 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

111.    The '868 patent discloses a system and method that Plaintiffs believe is essential under the 4G LTE cellular standard as explained in attached Exhibit 19.  Thus, Defendant's Accused Instrumentalities that are compliant with the 4G LTE standard are necessarily infringing the '868 patent.

112.    Defendant was made aware of the '868 patent and its infringement thereof at least as early as the date of filing of this Complaint.

113.    Upon information and belief, Defendant has and continues to directly infringe at least claims 1, 6, 7, and/or 11 of the '868 patent by making, using, selling, importing, offering for sale, providing, practicing, and causing the Accused Instrumentality that infringe the patented methods.

114.    Specifically, the Accused Instrumentalities display a network name as shown in attached Exhibit 17.

115.    Upon information and belief, these Accused Instrumentality are used, marketed, provided to, and/or used by or for the Defendant's partners, clients, customers/subscribers and end users across the country and in this District.

116.    Upon information and belief, Defendant has induced and continues to induce others to infringe at least claims 1, 6, 7, and/or 11 of the '868 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to Defendant's partners, clients, customers/subscribers, and end users, whose use of the Accused Instrumentality constitutes direct infringement of at least one claim of the '868 patent.

117.    In particular, the Defendant's actions that aid and abet others such as its partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the Accused Instrumentality and providing instruction materials, training, and services regarding the Accused Instrumentality.

118.    Any party, including Defendant's partners, clients, customers/subscribers, and end users, using the Accused Instrumentalities necessarily infringes the '868 patent because the invention of the '868 patent is required to comply with the relevant cellular standard.  Defendant advertises its Accused Instrumentalities as compliant with the relevant the cellular standard, which induces others to infringe the '868 patent.  Defendant has knowingly induced infringement since at least the filing of this complaint, when Defendant was first made aware of the '868 patent.

119.    Upon information and belief, the Defendant is liable as a contributory infringer of the '868 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States the Accused Instrumentality that infringe the patented methods, to be especially made or adapted for use in an infringement of the '868 patent.  Each of the Accused Instrumentality is a

material component for use in practicing the '868 patent and is specifically made and are not a staple article of commerce suitable for substantial non-infringing use.  In particular, each Accused Instrumentality is advertised to be compliant with the relevant standard and primarily used in compliance with that standard.

120.    Plaintiffs have been harmed by Defendant's infringing activities.

### COUNT VIII – INFRINGEMENT OF U.S. PATENT NO. 7,596,375

121.    The allegations set forth in the foregoing paragraphs 1 through 24 are incorporated into this Eighth Claim for Relief.

122.    On September 29, 2009, the '375 patent, entitled "Home Network Name Displaying Methods and Apparatus For Multiple Home Networks" was duly and legally issued by the United States Patent and Trademark Office from a patent application filed on September 22, 2008, and claims priority to a foreign patent application filed on September 3, 2003.  A true and correct copy of the '375 patent is attached as Exhibit 20.

123.    Plaintiff 3G Licensing is the assignee and owner of the right, title and interest in and to the '375 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

124.    The '375 patent discloses a system and method that Plaintiffs believe is essential under the 4G LTE cellular standard as explained in attached Exhibit 21.  Thus, Defendant's Accused Instrumentalities that are compliant with the 4G LTE standard are necessarily infringing the '375 patent.

125.    Defendant was made aware of the '375 patent and its infringement thereof at least as early as the date of filing of this Complaint.

126.    Upon information and belief, Defendant has and continues to directly infringe at least claims 1, 4, 5, 7, 9, 12, and/or 15 of the '375 patent by making, using, selling, importing,

offering for sale, providing, practicing, and causing the Accused Instrumentality that infringe the patented methods.

127.    Specifically, the Accused Instrumentalities display a network name as shown in attached Exhibit 17.

128.    Upon information and belief, these Accused Instrumentality are used, marketed, provided to, and/or used by or for the Defendant's partners, clients, customers/subscribers and end users across the country and in this District.

129.    Upon information and belief, Defendant has induced and continues to induce others to infringe at least claims 1, 4, 5, 7, 9, 12, and/or 15 of the '375 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to Defendant's partners, clients, customers/subscribers, and end users, whose use of the Accused Instrumentality constitutes direct infringement of at least one claim of the '375 patent.

130.    In particular, the Defendant's actions that aid and abet others such as its partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the Accused Instrumentality and providing instruction materials, training, and services regarding the Accused Instrumentality.

131.    Any party, including Defendant's partners, clients, customers/subscribers, and end users, using the Accused Instrumentalities necessarily infringes the '375 patent because the invention of the '375 patent is required to comply with the relevant cellular standard.  Defendant advertises its Accused Instrumentalities as compliant with the relevant the cellular standard, which induces others to infringe the '375 patent.  Defendant has knowingly induced infringement since at least the filing of this complaint, when Defendant was first made aware of the '375 patent.

132.     Upon information and belief, the Defendant is liable as a contributory infringer of the '375 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States the Accused Instrumentality that infringe the patented methods, to be especially made or adapted for use in an infringement of the '375 patent.  Each of the Accused Instrumentality is a material component for use in practicing the '375 patent and is specifically made and are not a staple article of commerce suitable for substantial non-infringing use.  In particular, each Accused Instrumentality is advertised to be compliant with the relevant standard and primarily used in compliance with that standard.

133.     Plaintiffs have been harmed by Defendant's infringing activities.

### COUNT IX – INFRINGEMENT OF U.S. PATENT NO. 8,275,374

134.     The allegations set forth in the foregoing paragraphs 1 through 24 are incorporated into this Ninth Claim for Relief.

135.     On September 25, 2012, the '374 patent, entitled "Home Network Name Displaying Methods and Apparatus For Multiple Home Networks" was duly and legally issued by the United States Patent and Trademark Office from a patent application filed on August 26, 2009, and claims priority to a foreign patent application filed on September 3, 2003.  A true and correct copy of the '374 patent is attached as Exhibit 22.

136.     Plaintiff 3G Licensing is the assignee and owner of the right, title and interest in and to the '374 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

137.     The '374 patent discloses a system and method that Plaintiffs believe is essential under the 4G LTE cellular standard as explained in attached Exhibit 23.  Thus, Defendant's Accused Instrumentalities that are compliant with the 4G LTE standard are necessarily infringing the '374 patent.

138.    Defendant was made aware of the '374 patent and its infringement thereof at least as early as the date of filing of this Complaint.

139.    Upon information and belief, Defendant has and continues to directly infringe at least claims 1, 2, 5, 10, 11, 14, 19, 21, 23, 25, 27, 29, 31, and/or 32 of the '374 patent by making, using, selling, importing, offering for sale, providing, practicing, and causing the Accused Instrumentality that infringe the patented methods.

140.    Specifically, the Accused Instrumentalities display a network name as shown in attached Exhibit 17.

141.    Upon information and belief, these Accused Instrumentality are used, marketed, provided to, and/or used by or for the Defendant's partners, clients, customers/subscribers and end users across the country and in this District.

142.    Upon information and belief, Defendant has induced and continues to induce others to infringe at least claims 1, 2, 5, 10, 11, 14, 19, 21, 23, 25, 27, 29, 31, and/or 32 of the '374 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to Defendant's partners, clients, customers/subscribers, and end users, whose use of the Accused Instrumentality constitutes direct infringement of at least one claim of the '374 patent.

143.    In particular, the Defendant's actions that aid and abet others such as its partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the Accused Instrumentality and providing instruction materials, training, and services regarding the Accused Instrumentality.

144.    Any party, including Defendant's partners, clients, customers/subscribers, and end users, using the Accused Instrumentalities necessarily infringes the '374 patent because the

invention of the '374 patent is required to comply with the relevant cellular standard.  Defendant advertises its Accused Instrumentalities as compliant with the relevant the cellular standard, which induces others to infringe the '374 patent.  Defendant has knowingly induced infringement since at least the filing of this complaint, when Defendant was first made aware of the '374 patent.

145.    Upon information and belief, the Defendant is liable as a contributory infringer of the '374 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States the Accused Instrumentality that infringe the patented methods, to be especially made or adapted for use in an infringement of the '374 patent.  Each of the Accused Instrumentality is a material component for use in practicing the '374 patent and is specifically made and are not a staple article of commerce suitable for substantial non-infringing use.  In particular, each Accused Instrumentality is advertised to be compliant with the relevant standard and primarily used in compliance with that standard.

146.    Plaintiffs have been harmed by Defendant's infringing activities.

### COUNT X – INFRINGEMENT OF U.S. PATENT NO. 8,472,955

147.    The allegations set forth in the foregoing paragraphs 1 through 24 are incorporated into this Tenth Claim for Relief.

148.    On June 25, 2013, the '955 patent, entitled "Network Selection Methods and Apparatus with Multiple Home Networks" was duly and legally issued by the United States Patent and Trademark Office from a patent application filed on July 3, 2012, and claims priority to a foreign patent application filed on September 3, 2003.  A true and correct copy of the '955 patent is attached as Exhibit 24.

149.    Plaintiff 3G Licensing is the assignee and owner of the right, title and interest in and to the '955 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

150.    The '955 patent discloses a system and method that Plaintiffs believe is essential under the 4G LTE cellular standard as explained in attached Exhibit 25.  Thus, Defendant's Accused Instrumentalities that are compliant with the 4G LTE standard are necessarily infringing the '955 patent.

151.    Defendant was made aware of the '955 patent and its infringement thereof at least as early as the date of filing of this Complaint.

152.    Upon information and belief, Defendant has and continues to directly infringe at least claims 1, 2, 3, 10, 12, 13, 14, and/or 20 of the '955 patent by making, using, selling, importing, offering for sale, providing, practicing, and causing the Accused Instrumentality that infringe the patented methods.

153.    Specifically, the Accused Instrumentalities display a network name as shown in attached Exhibit 17.

154.    Upon information and belief, these Accused Instrumentality are used, marketed, provided to, and/or used by or for the Defendant's partners, clients, customers/subscribers and end users across the country and in this District.

155.    Upon information and belief, Defendant has induced and continues to induce others to infringe at least claims 1, 2, 3, 10, 12, 13, 14, and/or 20 of the '955 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to Defendant's partners, clients, customers/subscribers, and end users, whose use of the Accused Instrumentality constitutes direct infringement of at least one claim of the '955 patent.

156.    In particular, the Defendant's actions that aid and abet others such as its partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the

Accused Instrumentality and providing instruction materials, training, and services regarding the Accused Instrumentality.

157.    Any party, including Defendant's partners, clients, customers/subscribers, and end users, using the Accused Instrumentalities necessarily infringes the '955 patent because the invention of the '955 patent is required to comply with the relevant cellular standard.  Defendant advertises its Accused Instrumentalities as compliant with the relevant the cellular standard, which induces others to infringe the '955 patent.  Defendant has knowingly induced infringement since at least the filing of this complaint, when Defendant was first made aware of the '955 patent.

158.    Upon information and belief, the Defendant is liable as a contributory infringer of the '955 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States the Accused Instrumentality that infringe the patented methods, to be especially made or adapted for use in an infringement of the '955 patent.  Each of the Accused Instrumentality is a material component for use in practicing the '955 patent and is specifically made and are not a staple article of commerce suitable for substantial non-infringing use.  In particular, each Accused Instrumentality is advertised to be compliant with the relevant standard and primarily used in compliance with that standard.

159.    Plaintiffs have been harmed by Defendant's infringing activities.

**COUNT XI – INFRINGEMENT OF U.S. PATENT NO. 8,948,756**

160.    The allegations set forth in the foregoing paragraphs 1 through 24 are incorporated into this Eleventh Claim for Relief.

161.    On February 3, 2015, the '756 patent, entitled "Home Network Name Displaying Methods and Apparatus For Multiple Home Networks" was duly and legally issued by the United States Patent and Trademark Office from a patent application filed on June 13, 2013, and claims

priority to a foreign patent application filed on September 3, 2003. A true and correct copy of the '756 patent is attached as Exhibit 26.

162.    Plaintiff 3G Licensing is the assignee and owner of the right, title and interest in and to the '756 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

163.    The '756 patent discloses a system and method that Plaintiffs believe is essential under the 4G LTE cellular standard as explained in attached Exhibit 27. Thus, Defendant's Accused Instrumentalities that are compliant with the 4G LTE standard are necessarily infringing the '756 patent.

164.    Defendant was made aware of the '756 patent and its infringement thereof at least as early as the date of filing of this Complaint.

165.    Upon information and belief, Defendant has and continues to directly infringe at least claims 1, 4, 5, 6, 8, 10, 12, 15, 16, 17, 19, and/or 20 of the '756 patent by making, using, selling, importing, offering for sale, providing, practicing, and causing the Accused Instrumentality that infringe the patented methods.

166.    Specifically, the Accused Instrumentalities display a network name as shown in attached Exhibit 17.

167.    Upon information and belief, these Accused Instrumentality are used, marketed, provided to, and/or used by or for the Defendant's partners, clients, customers/subscribers and end users across the country and in this District.

168.    Upon information and belief, Defendant has induced and continues to induce others to infringe at least claims 1, 4, 5, 6, 8, 10, 12, 15, 16, 17, 19, and/or 20 of the '756 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively

aiding and abetting others to infringe, including, but not limited to Defendant's partners, clients, customers/subscribers, and end users, whose use of the Accused Instrumentality constitutes direct infringement of at least one claim of the '756 patent.

169.    In particular, the Defendant's actions that aid and abet others such as its partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the Accused Instrumentality and providing instruction materials, training, and services regarding the Accused Instrumentality.

170.    Any party, including Defendant's partners, clients, customers/subscribers, and end users, using the Accused Instrumentalities necessarily infringes the '756 patent because the invention of the '756 patent is required to comply with the relevant cellular standard.  Defendant advertises its Accused Instrumentalities as compliant with the relevant the cellular standard, which induces others to infringe the '756 patent.  Defendant has knowingly induced infringement since at least the filing of this complaint, when Defendant was first made aware of the '756 patent.

171.    Upon information and belief, the Defendant is liable as a contributory infringer of the '756 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States the Accused Instrumentality that infringe the patented methods, to be especially made or adapted for use in an infringement of the '756 patent.  Each of the Accused Instrumentality is a material component for use in practicing the '756 patent and is specifically made and are not a staple article of commerce suitable for substantial non-infringing use.  In particular, each Accused Instrumentality is advertised to be compliant with the relevant standard and primarily used in compliance with that standard.

172.    Plaintiffs have been harmed by Defendant's infringing activities.

## COUNT XII – INFRINGEMENT OF U.S. PATENT NO. 8,879,503

173.    The allegations set forth in the foregoing paragraphs 1 through 24 are incorporated into this Twelfth Claim for Relief.

174.    On November 4, 2014, the '503 patent, entitled "Voice Service in Evolved Packet System" was duly and legally issued by the United States Patent and Trademark Office from a patent application filed on September 26, 2011, and claims priority to a provisional patent application filed on June 3, 2009.  A true and correct copy of the '503 patent is attached as Exhibit 28.

175.    Plaintiff 3G Licensing is the assignee and owner of the right, title and interest in and to the '503 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

176.    The '503 patent discloses a system and method that Plaintiffs believe is essential under the 4G LTE cellular standard as explained in attached Exhibit 29.  Thus, Defendant's Accused Instrumentalities that are compliant with the 4G LTE standard are necessarily infringing the '503 patent.

177.    Defendant was made aware of the '503 patent and its infringement thereof at least as early as the date of filing of this Complaint.

178.    Upon information and belief, Defendant has and continues to directly infringe at least claims 1, 2, 3, 7, 8, 9, and/or 10 of the '503 patent by making, using, selling, importing, offering for sale, providing, practicing, and causing the Accused Instrumentality that infringe the patented methods.

179.    Upon information and belief, these Accused Instrumentality are used, marketed, provided to, and/or used by or for the Defendant's partners, clients, customers/subscribers and end users across the country and in this District.

180.     Upon information and belief, Defendant has induced and continues to induce others to infringe at least claims 1, 2, 3, 7, 8, 9, and/or 10 of the '503 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to Defendant's partners, clients, customers/subscribers, and end users, whose use of the Accused Instrumentality constitutes direct infringement of at least one claim of the '503 patent.

181.     In particular, the Defendant's actions that aid and abet others such as its partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the Accused Instrumentality and providing instruction materials, training, and services regarding the Accused Instrumentality.

182.     Any party, including Defendant's partners, clients, customers/subscribers, and end users, using the Accused Instrumentalities necessarily infringes the '503 patent because the invention of the '503 patent is required to comply with the relevant cellular standard. Defendant advertises its Accused Instrumentalities as compliant with the relevant the cellular standard, which induces others to infringe the '503 patent. Defendant has knowingly induced infringement since at least the filing of this complaint, when Defendant was first made aware of the '503 patent.

183.     Upon information and belief, the Defendant is liable as a contributory infringer of the '503 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States the Accused Instrumentality that infringe the patented methods, to be especially made or adapted for use in an infringement of the '503 patent. Each of the Accused Instrumentality is a material component for use in practicing the '503 patent and is specifically made and are not a staple article of commerce suitable for substantial non-infringing use. In particular, each Accused

Instrumentality is advertised to be compliant with the relevant standard and primarily used in compliance with that standard.

184.    Plaintiffs have been harmed by Defendant's infringing activities.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment for itself and against Defendant as follows:

A.    An adjudication that Defendant have infringed the '561, '698, '196, '803,'443, '868, '375, '374, '955, '756, '933, and '503 patents;

B.    An award of damages to be paid by Defendant adequate to compensate Plaintiffs for Defendant's past infringement of the '561, '698, '196, '803, '443, '868, '375, '374, '955, '756, '933, and '503 patents, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C.    A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiffs' reasonable attorneys' fees; and

D.    An award to Plaintiffs of such further relief at law or in equity as the Court deems just and proper.

Dated this 25ʰ day of March 2020.

Respectfully submitted,

By:   */s/Jorge Espinosa*
     **Jorge Espinosa, Esq.**
     Florida Bar No: 779032
     jespinosa@etlaw.com
     Francesca Russo, Esq.
     frusso@etlaw.com
     Robert R. Jimenez, Esq.
     rjimenez@etlaw.com
     **GRAY | ROBINSON, P.A.**
     333 S.E. 2nd Ave., Suite 300
     Miami, FL 33131
     Tel:  305-416-6880
     Fax: 305-416-6887

     *Attorneys for Plaintiffs*