United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Sisvel International S.A. and 3G Licensing S.A., Plaintiffs, <br><br> v. <br><br> BLU Products Inc., Defendant. | ) ) ) ) ) ) ) ) <br> Civil Action No. 20-20813-Civ-Scola |

### Order Removing Claims Through Amendment

In their stipulation of dismissal (ECF No. 50), the parties purport to stipulate to the dismissal, without prejudice, of a number of Plaintiffs Sisvel International S.A. and 3G Licensing S.A.'s claims. Although they don't cite to any authority, the Court assumes they seek dismissal of these counts under Federal Rule Civil Procedure 41. This, however, is not the proper way to dismiss only a subset of claims within a multi-claim action. Instead, "[a] plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a)." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) (quoting 8 *Moore's Federal Practice* § 41.21[2], at 41–32). The Court therefore construes the stipulation as an unopposed motion, under Rule 15, to amend the pleadings to remove the identified counts: six through twelve. *See, e.g., Anderberg v. Masonite Corp.*, 176 F.R.D. 682, 686 (N.D. Ga.1997) ("When a party seeks to dismiss a single claim in a multi-count complaint instead of an entire action . . . the motion should be treated as a motion to amend the complaint under Rule 15(a) to delete the specific claim."). Because the parties are in agreement and the deadline to amend the pleadings has not yet passed, the Court finds good cause to grant the motion as construed. The Court deems the amended complaint (ECF No. 34) amended such that counts six through twelve are dropped from this action, without prejudice.

**Done and ordered** in Miami, Florida, on August 10, 2020.

_____
Robert N. Scola, Jr.
United States District Judge