## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### Civil Action No. 1:20-cv-20813-RNS

SISVEL INTERNATIONAL S.A.,
and 3G LICENSING S.A.,

                    Plaintiffs,

    v.

BLU PRODUCTS INC.,

                    Defendant.

---

## PLAINTIFF'S SISVEL INTERNATIONAL S.A. AND 3G LICENSING S.A. MEMORANDUM IN SUPPORT OF THEIR RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS

**TABLE OF CONTENTS**

I.      INTRODUCTION ........................................................................................................... 1

II.     BACKGROUND ............................................................................................................ 1

III.    LEGAL STANDARD..................................................................................................... 2

IV.     ARGUMENT ................................................................................................................. 3

V.      CONCLUSION ............................................................................................................. 4

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cannon v. City of W. Palm Beach*,
   250 F. 3d 1299 (11th Cir. 2001) ................................................................ 3

*Emory Univ. v. Nova BioGenetics, Inc.*,
   Civil Action No. 1:06-CV-0141-TWT,
   2008 U.S. Dist. LEXIS 57642 (N.D. Ga. July 25, 2008)................................ 3, 4

*Mergens v. Dreyfoos*,
   116 F.3d 1114 (11th Cir. 1999) ................................................................ 3

*Payne v. DECO Credit Union*,
   734 Fed. Appx. 623 (11th Cir. 2018)........................................................ 2

*United States v. Wood*,
   925 F.2d 1580 (11th Cir. 1991) ............................................................... 2

**Rules**

Federal Rule of Civil Procedure 12 ............................................................. 2

## I.      INTRODUCTION

Plaintiffs Sisvel International S.A. and 3G Licensing S.A. (collectively, "Sisvel") move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) finding that Defendant BLU Products, Inc. ("Blu") has and continues to infringe Sisvel's patents, and ordering Blu to pay an award of damage to be determined to compensate Sisvel for Blu's past and future infringement.

## II.     BACKGROUND

On July 11, 2014, Sisvel first notified Blu about Blu's infringement of Sisvel's 2G, 3G and 4G/LTE standard essential patents.  (*See* Amended Complaint for Patent Infringement (Dkt. No. 34) ("First Amended Complaint") at ¶ 22.)  Sisvel offered to license the patents but Blu refused.  Through 2015 and 2016, Sisvel sent additional correspondence regarding Sisvel's 2G, 3G and 4G/LTE standard essential patents.  (*See id.* at ¶ 23.)  On March 22, 2018, Sisvel again sent Blu a request to license Sisvel's 2G, 3G and 4G/LTE standard essential patents and directed Blu to an online list of such patents.  (*See id.* at ¶ 24.)  Despite Sisvel's efforts, Blu refused to license Sisvel's 2G, 3G and 4G/LTE standard essential patents.  (*Id*.)

On June 20, 2019, Sisvel filed suit against Blu in the District of Delaware for infringement of five of Sisvel's 2G, 3G and 4G/LTE standard essential patents.  (Dkt. No. 1.)  The patents asserted by Sisvel are U.S. Patent Nos. 6,529,561, 7,433,698, 8,364,196, 7,751,803, and 7,894,443 ("patents in suit").  Blu responded by moving to dismiss for improper venue or to transfer to the Southern District of Florida.  (Dkt. No. 7.)  On February 7, 2020, the Delaware Court granted Blu's motion and the case was subsequently ordered to be transferred to the Southern District of Florida on February 25, 2020.  (Dkt. No. 25.)

Upon transfer to the Southern District of Florida, Sisvel filed its First Amended Complaint (Dkt. No. 34).  After four extensions to respond to the First Amended Complaint, Blu

filed its Answer and Affirmative Defenses on May 21, 2020.  (Dkt. No. 47.)  Blu asserted

affirmative defenses for non-infringement, invalidity, and unenforceability, among others.

Notably, Blu asserted no counterclaims.

On July 31, 2020, this Court issued its Scheduling Order and Order of Referral to

Mediation.  (Dkt. No. 48 ("Scheduling Order").)  The Court set August 13, 2020 as the deadline

for Sisvel to serve its Disclosure of Asserted Claims and Infringement Contentions, which Sisvel

duly served.

The Court also set September 14, 2020 as the "[d]eadline for a party opposing a claim of

patent infringement or asserting invalidity or unenforceability to serve Non-Infringement,

Unenforceability, and Invalidity Contentions and make accompanying document production."

(Scheduling Order at 1.)  Blu served no such contentions.  The day after Blu's contentions were

due, Sisvel asked Blu to confirm whether Blu intended to serve the contentions.  Blu's counsel

responded that "Blu does not intend to serve invalidity or non-infringement contentions."  (*See*

September 15, 2020 electronic mail from Bernard Egozi to Neil A. Benchell, attached hereto as

Exhibit 1.)

## III.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides, "After the pleadings are closed—but

early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ.

P. 12(c).  "Unlike a motion for summary judgment, a motion for judgment on the pleadings

pursuant to Federal Rule of Civil Procedure 12(c) is subject to the same standard as a Rule

12(b)(6) motion to dismiss."  *Payne v. DECO Credit Union*, 734 Fed. Appx. 623, 627 (11th Cir.

2018) (quoting *United States v. Wood*, 925 F.2d 1580, 1581 (11th Cir. 1991) (internal quotes

omitted).)  "Judgement on the pleadings is appropriation where there are no material facts in

dispute and the moving party is entitled to judgment as a matter of law."  *Cannon v. City of W.*

*Palm Beach*, 250 F. 3d 1299, 1301 (11th Cir. 2001) (citing *Mergens v. Dreyfoos*, 116 F.3d 1114, 1116-17 (11th Cir. 1999).)

## IV.    ARGUMENT

Sisvel asserted claims of patent infringement against Blu in its First Amended Complaint. (D.I. 34 at ¶¶ 25-184.).  Although Blu asserted affirmative defenses of invalidity, unenforceability and non-infringement, Blu refused to provide its required contentions on these topics pursuant to the Scheduling Order.  (Dkt. No. 48.)  With no contentions, Blu cannot maintain that it opposes Sisvel's claim of infringement or assert that the patents in suit are invalid or unenforceable.

As evidenced by its counsel's email, Blu made a deliberate decision not to serve noninfringement or invalidity contentions.  It was not a product of mistake or any other inadvertent action.  Instead, Blu does not intend to raise any non-infringement defenses or assert that the patents in suit are invalid or unenforceable, as evidenced by its own counsel's statement.

Were Blu's failure to raise a non-infringement defense or assert invalidity of unenforceability an honest mistake, then Sisvel would have worked with Blu to accommodate Blu's unintentional error.  However, since Blu's failure to submit its contentions is intentional as confirmed by Blu's counsel, Blu has waived its right to raise any arguments against infringement or for invalidity or unenforceability of the patents in suit.  Given that Blu has no other defenses to Sisvel's claims of infringement upon which Blu can rely, there are no material facts in dispute and judgment on the pleadings is appropriate.

The court in *Emory Univ. v. Nova BioGenetics, Inc*. confronted a similar set of facts.  In *Emory,* the plaintiff issued infringement contentions showing how defendant's product infringe the patents.  *See Emory Univ. v. Nova BioGenetics, Inc.*, Civil Action File No. 1:06-CV-0141-TWT, 2008 U.S. Dist. LEXIS 57642, *10 (N.D. Ga. July 25, 2008).  Although the court required

defendant to respond to the infringement contentions within thirty days, the defendant failed to submit a response.  *See id*. at *10-11.  Moreover, defendant had not even proposed claim terms requiring construction.  *See id*. at *6. In addition, the defendant in *Emory* had asserted affirmative defenses of invalidity and unenforceability, yet provided no invalidating prior art or other support for its claims.  As a result of the defendant's failure to assert a non-infringement or invalidity contentions as required by the court, the plaintiff was granted summary judgment and imposed a permanent injunction against defendant.  *See id*. at *14.

Similarly, here Sisvel served its infringement contentions yet Blu refused to provide any non-infringement contentions.  Blu also did not propose any claim terms requiring construction. Finally, even though it asserted defenses of invalidity and unenforceability, Blu refused to serve its Non-Infringement, Unenforceability, and Invalidity Contentions.  Blu has made its position clear by its decision *not* to provide any non-infringement, invalidity or unenforceability contentions.  The only conclusion can be that Blu acknowledges its infringement of the patents in suit and does not dispute the validity and enforceability of those patents.

## V.    CONCLUSION

For all the foregoing reasons, Sisvel respectfully requests this Court grant Sisvel's Rule 12(c) motion for judgment of infringement of U.S. Patent Nos. 6,529,561, 7,433,698, 8,364,196, 7,751,803, and 7,894,443.

<center>&lt;SIGNATURE ON NEXT PAGE&gt;</center>

Dated: January 20, 2021    Respectfully submitted,

*/s/ Jorge Espinosa*
Jorge Espinosa, Esq.
Florida Bar No: 779032
jorge.espinosa@gray-robinson.com
Francesca Russo, Esq.
francesca.russo@gray-robinson.com
Robert R. Jimenez, Esq.
robert.jimenez@gray-robinson.com
**GRAY | ROBINSON, P.A.**
333 S.E. 2nd Ave., Suite 3200
Miami, FL 33131
Tel: 305-416-6880
Fax: 305-416-6887

OF COUNSEL:

Neil A. Benchell (admitted *pro hac vice*)
nbenchell@devlinlawfirm.com
**DEVLIN LAW FIRM LLC**
1526 Gilpin Avenue
Wilmington, DE 19806
Tel: 302-449-9010

*Attorneys for Plaintiffs*
*Sisvel International S.A.*
*and 3G Licensing S.A.*